## PEOPLE v. MUNN.

(Supreme Court, Appellate Division, Third Department. March 10, 1909.)

1. PLEADING (§§ 236, 239*)—AMENDMENT—DISCRETION.

The granting of leave to serve an amended complaint as well as the imposition of costs as a condition were within the sound discretion of the trial court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. §§ 236, 239.*]

2. ADULTERATION (§ 7*)—AMENDMENT—LACHES—SELLING ADULTERATED FOOD—PENALTIES—PLEADING.

In an action by the people for a penalty for offering to sell and selling adulterated food, in violation of Laws 1903, p. 1191, c. 524, the court was not bound to deny leave to serve an amended complaint on the ground of laches, though the offense was alleged to have been committed three years before, where much of the delay was chargeable to defendant.

[Ed. Note.—For other cases, see Adulteration, Dec. Dig. § 7.*]

Appeal from Special Term, Rensselaer County.

Action by the People of the state of New York against R. William Munn. From order allowing plaintiff to serve an amended complaint, defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John T. Norton, for appellant.

H. P. Humphrey, for the People.

CHESTER, J.   The complaint, as first served, charged the defendant with exposing and offering for sale, and selling, a glass bottle containing what purported to be maple syrup, and labeled "Maple syrup," and that the same was adulterated in violation of chapter 524, p. 1191, Laws 1903.   By the order appealed from the plaintiff has been allowed to serve an amended complaint.   It is urged by the appellant that the amendment allowed brings in several new causes of action against which the statute of limitations has run.   We do not so view the amended complaint.   That, like the original complaint, seeks to recover but a single penalty for a single offense alleged to have been committed on the 8th day of May, 1905.   The amendment, as we view it, simply amplifies the statement of the one cause of action alleged by showing more specifically in what respect it is claimed the statute has been violated by reason of the alleged sale on the date mentioned.   The new allegations bring in no new cause of action, and the recovery of no other penalty is sought than for the one alleged offense.

The matter of the allowance of the amendment, as well as of the costs imposed, rested in the sound discretion of the court at Special Term, and no abuse of that discretion is apparent.   We do not think the court was bound to deny the motion on the ground of laches.   It is true there was considerable delay, but a large part of it was not caused by the moving party, but was rather chargeable to his adversary.

We think, therefore, the order should be affirmed, with $10 costs and disbursements.   All concur.